IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 3:10-cv-938-j-20 JRK

MECHELL THOMPSON,

    Plaintiff,

v.

GENERAL REVENUE CORPORATION,

    Defendant.

_____/

## NATURE OF ACTION

1.     This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72. (hereafter the "FCCPA").

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4.     Plaintiff, MECHELL THOMPSON ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Duval, and City of Jacksonville.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant, GENERAL REVENUE CORPORATION, ("Defendant") or ("GRC") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the

business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well the FCCPA.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Defendant falsely represented the character, amount, or legal status of Plaintiff's debt. Defendant misrepresented that Plaintiff owed a debt that had been previously discharged in bankruptcy, and continued to try and collect the debt despite receiving documentation from Plaintiff disputing the debt and proving that the debt was discharged in bankruptcy.

12. Defendant caused Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff.

13. Defendant disclosed to a third party the existence of the debt allegedly owed by Plaintiff. Without having received the prior consent of Plaintiff or the express permission of a court of competent jurisdiction, and without it being necessary to effect a post-judgment

remedy, Defendant communicated with a third party other than in the manner prescribed by 15 USC § 1692b.

14. Defendant contacted Plaintiff's employer in regard to the debt and attempted to garnish Plaintiff's wages despite the fact that the debt was previously discharged in bankruptcy.

15. Defendant threatened to take an action against Plaintiff that could be legally taken or that was not actually intended to be taken, including threatening to garnish Plaintiff's wages despite the fact that the debt in question was previously discharged in bankruptcy.

16. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

17. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

18. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

19. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

20. Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy, or abuse Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692d(5);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

21. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

22. Defendant violated 15 U.S.C. § 1692b(2) by disclosing to a third party the existence of a debt allegedly owed to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692b(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

23. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

24. Defendant violated 15 U.S.C. § 1692c(b) by communicating with a third party other than in the manner prescribed by 15 USC § 1692b without having received the prior consent of Plaintiff of the express permission of a court of competent jurisdiction and without it being necessary to effect a post-judgment remedy.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

25. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

26. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take action against Plaintiff that could not be legally taken or that was not actually intended to be taken.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATIONS OF THE SECTION 559.72(7) OF THE FCCPA
## AGAINST GRC

27. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-16 of this complaint.

28. Defendant violated §559.72(7) of the Florida Consumer Collection Practices Act by willfully communicating with Plaintiff with such frequency as could reasonably be expected to harass Plaintiff.

29. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, MECHELL THOMPSON, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Emotional and/or mental anguish damages;

    c. Statutory damages of $1,000.00;

    d. Plaintiff's attorneys' fees and costs;

    e. Any other relief deemed appropriate by this Honorable Court.

## COUNT VII
## VIOLATIONS OF THE SECTION 559.72(4) OF THE FCCPA
## AGAINST GRC

30. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-16 of this complaint.

31. Defendant violated §559.72(4) of the Florida Consumer Collection Practices Act by communicating or threatening to communicate with Plaintiff's employer prior to obtaining final judgment against the Plaintiff.

32. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, MECHELL THOMPSON, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Emotional and/or mental anguish damages;

    c. Statutory damages of $1,000.00;

d.  Plaintiff's attorneys' fees and costs;

e.  Any other relief deemed appropriate by this Honorable Court.

### COUNT VIII
### VIOLATIONS OF THE SECTION 559.72(5) OF THE FCCPA
### AGAINST GRC

33. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-16 of this complaint.

34. Defendant violated §559.72(5) of the Florida Consumer Collection Practices Act by disclosing to a person other than the Plaintiff or her or his family, information affecting the Plaintiff's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information was false.

35. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, MECHELL THOMPSON, by and through her attorneys, respectfully prays for judgment as follows:

a.  All actual compensatory damages suffered;

b.  Emotional and/or mental anguish damages;

c.  Statutory damages of $1,000.00;

d.  Plaintiff's attorneys' fees and costs;

e.  Any other relief deemed appropriate by this Honorable Court.

### COUNT IX
### VIOLATIONS OF THE SECTION 559.72(9) OF THE FCCPA
### AGAINST GRC

36. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-16 of this complaint.

37. Defendant violated §559.72(9) of the Florida Consumer Collection Practices Act by claiming, attempting, or threatening to enforce a debt with the knowledge that the debt was not legitimate or asserting the existence of some other legal right with the knowledge that the right did not exist.

38. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, MECHELL THOMPSON, by and through her attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Emotional and/or mental anguish damages;

c. Statutory damages of $1,000.00;

d. Plaintiff's attorneys' fees and costs;

e. Any other relief deemed appropriate by this Honorable Court.

## TRIAL BY JURY

39. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 7th day of October, 2010

Respectfully submitted,
MECHELL THOMPSON

By: _____

ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com